**UNITED STATES DISTRICT COURT**
DISTRICT OF RHODE ISLAND

Docket #08-CV-00111-ML

CERTAIN UNDERWRITERS OF LLOYD'S, LONDON, )
A SOCIETY OF CORPORATE AND INDIVIDUAL )
MEMBERS SUBSCRIBING TO POLICY # HO 01420 )
Plaintiff, )
)
*vs.* )
)
ROBIN S. SPEARS, )
JEAN SPEARS, )
SANDY S. FRY, INDIVIDUALLY AND AS ADMINISTRATRIX )
OF THE ESTATE OF DARRYL W. FRY, JR., )
THE ESTATE OF DARRYL W. FRY, JR., )
DARRYL W. FRY, SR. and )
ROBIN S. SPEARS & SONS MASONRY, LLC. )
Defendants. )

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND JURY TRIAL DEMAND**

Certain Underwriters of Lloyd's, London, a society of corporate and individual members subscribing to Policy # HO 01420 (hereinafter "Underwriters") hereby alleges and avers as follows:

**Nature of the Action**

1. This Complaint is a request for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. Pro. 57, declaring that Underwriters owes no duty to either defend or indemnify the Defendants in connection with claims made as a result of the death of Darryl W. Fry, Jr. on June 27, 2004, in Charlestown, Rhode Island.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that it arises between citizens of a State and citizens or subjects of a foreign state and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

3. Venue is proper in this district under 28 U.S.C. § 1391(a)(1) & (2) as the underlying actions are currently pending in Washington County Superior Court, State of Rhode Island; the accident giving rise to the underlying action occurred in Charlestown, Rhode Island; and, this instant action concerns an insurance policy issued to Robin Spears and Jean Spears, whose home address, and the insured property, is in Charlestown, Rhode Island.

## Parties

4. Underwriters has a principle place of business at One Lime Street in the City of London, England, United Kingdom.

5. Robin S. Spears is an individual residing at 47A Kings Factory Road in Charlestown, Rhode Island.

6. Jean Spears is an individual residing at 47A Kings Factory Road in Charlestown, Rhode Island.

7. Upon information, knowledge and belief, Sandy S. Fry is an individual and Administratrix of the Estate of Darryl W. Fry, Jr., residing at 47A Kings Factory Road in Charlestown, Rhode Island.

8. Upon information, knowledge and belief, Darryl W. Fry, Sr. is an individual residing at 47A Kings Factory Road in Charlestown, Rhode Island.

9. Upon information, knowledge and belief, Robins S. Spears & Sons Masonry, LLC is a domestic limited liability company incorporated in the State of Rhode Island with a principal office located at 47A Kings Factory Road in Charlestown, Rhode Island.

## Background

10. The Defendants have asserted that Underwriters owe defense and/or indemnity obligations to them for claims made in connection with civil action entitled, <u>Sandy S. Fry, Individually And As Administratrix Of The Estate Of Darryl W. Fry, Jr., The Estate Of Darryl W. Fry, Jr. and Darryl W. Fry vs. Robin S. Spears & Sons Masonry LLC, Alias John Doe 1, Robin Spears, Alias John Doe 2, Jean Spears, Alias Mary Doe 3, John</u>

Doe 4, John Doe 5, John Doe 6 and John Doe 7, filed in Washington County Superior Court, State of Rhode Island (hereinafter referred to as "the Underlying Action"). The Plaintiffs in the Underlying Action seek recovery for the death of Darryl W. Fry, Jr.

11. It is alleged in the "Amended Complaint" of the Underlying Action, that on June 27, 2004, Robin S. Spears was operating a tractor or skid steer when he struck and killed Darryl W. Fry, Jr. A true and accurate copy of the Amended Complaint in the Underlying Action is attached hereto and marked "A".

12. The equipment operated by Robin S. Spears, and involved in the death of Darryl W. Fry, Jr. was owned by, and operated for the benefit of, Robin S. Spears & Sons Masonry, LLC.

13. Underwriters issued homeowner's policy numbered HO 01420 (hereinafter "the Policy") to "Robin & Jean Spears" with effective dates of May 24, 2004-May 24, 2005.

14. The Policy lists the insured location as "47A Kings Factory Road, Charlestown, RI 02813."

15. Darryl W. Fry, Jr. was the grandson of Robin Spears and Jean Spears.

16. Darryl W. Fry, Jr. was the son of Sandy S. Fry and Darryl W. Fry, Sr.

17. Darryl W. Fry, Jr. regularly resided at 47A Kings Factory Road in Charlestown, Rhode Island at the time of his death.

18. On or about June 27, 2004, Robin Spears owned, operated and was engaged in business as Robin S. Spears & Sons Masonry, LLC from the insured property at 47A Kings Factory Road in Charlestown, Rhode Island.

19. On December 20, 2006, the retail insurance agent acting on behalf of Robin Spears and Jean Spears executed and forwarded to the appropriate cover holder an "*Acord* General Liability Notice of Occurrence/

Claim," putting Underwriters on notice of the death of Darryl W. Fry, Jr. for the first time.

20. On or about August 21, 2007, Underwriters denied the demand for a defense and/or indemnification to the claims made against Robin Spears and Jean Spears in the Underlying Action.

**COUNT I**
**FAMILY MEMBER EXCLUSION**

21. Underwriters re-allege and re-aver paragraphs one (1) through twenty (20) of this Complaint and by reference incorporates them herein.

22. An actual controversy within the jurisdiction of this court exists between the parties as to whether Underwriters is required to defend and/or indemnify the Defendants in connection with the Underlying Action for any judgment or settlement in connection with the action entitled, Sandy S. Fry et al. vs. Robin S. Spears & Sons Masonry, LLC et al., filed in Washington County Superior Court, State of Rhode Island.

23. The following relevant exclusion appears in the Policy:

***SECTION II – LIABILITY COVERAGES***

. . .

*F. Coverage E – Personal Liability*

*Coverage E does not apply to:*

. . .

*6. "Bodily injury" to you or an "insured" as defined under Definitions 5.a or b."*

. . .

*G. Coverage F – Medical Payments To Others*

*Coverage F does not apply to "bodily injury":*

. . .

*4. To any person, other than a "residence employee" of an "insured", regularly residing on any part of the "insured location".*

The Policy defines "Insured" to mean: *"[y]ou and residents of your household who are: (1) Your relatives; or (2) Other persons under the age of 21 and in the care of any person named above; . . . ."*

24. On the date of his death, Darryl W. Fry, Jr. regularly resided at the "insured location" and was grandson to Robin Spears and Jean Spears.

25. Underwriters owe no duty to defend and/or indemnify the Defendants in connection with the claims made by the Plaintiffs against them in the Underlying Action where the Policy contains a family member exclusion and hereby seeks a declaration thereof.

WHEREFORE, Underwriters requests that:

A. This Honorable Court declare and determine the rights and liabilities of Underwriters and the Defendants, under the terms and conditions of the Policy in that coverage is excluded pursuant to the aforementioned family member exclusion where at the time of his bodily injury, Darryl W. Fry, Jr. was a regular resident of the insured location and grandson to Robin Spears and Jean Spears, the named insureds of the Policy.

**COUNT II**
**BUSINESS EXCLUSION**

26. Underwriters re-alleges and re-avers paragraphs one (1) through twenty-five (25) of this Complaint and by reference incorporates them herein.

27. The following relevant exclusion appears in the Policy:

***SECTION II – EXCLUSIONS***

. . .

***E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others***

*Coverages E and F do not apply to the following:*

. . .

*2. **"Business"***

*a. "Bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the*

*"business" is owned or operated by an "insured" or employs an "insured".*

*This Exclusion **E.2** applies but is not limited to an act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business".*

28. Darryl W. Fry, Jr. was killed as a result of activities, which arose out of, or were in connection with, a business conducted from the insured location at 47A Kings Factory Road, Charlestown, Rhode Island USA and/or his death resulted from the insured's engagement in a business operated from the insured location at 47A Kings Factory Road, Charlestown, Rhode Island.

29. Underwriters owe no duty to defend and/or indemnify the Defendants in connection with the claims made by the Plaintiffs against them in the Underlying Action where the policy excludes coverage for "bodily injury" arising out of or in connection with a "business" owned or operated by an "insured."

WHEREFORE, Underwriters requests that:

A. This Honorable Court declare and determine the rights and liabilities of Underwriters and the Defendants, under the terms and conditions of the Policy in that coverage is excluded pursuant to the aforementioned business exclusion where Darryl W. Fry, Jr. suffered "bodily injury" that did "aris[e] out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured.'"

**COUNT III**
**MOTOR VEHICLE EXCLUSION**

30. Underwriters re-allege and re-aver paragraphs one (1) through twenty-nine (29) of this Complaint and by reference incorporates them herein.

31. The following relevant exclusion appears in the Policy:

***SECTION II – EXCLUSIONS***

A. *"Motor Vehicle Liability"*

1. *Coverages E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":*

. . .

c. *Is being:*

. . .

*(4) Used for any "business" purposes except for a motorized golf cart while on a golfing facility.*

The Policy defines "motor vehicle" to mean "a. A self-propelled land or amphibious vehicle . . . ."

32. Darryl W. Fry, Jr.'s death resulted from the operation of a motor vehicle, by Robin S. Spears, as defined in the aforementioned exclusion.

33. Underwriters owe no duty to defend and/or indemnify the Defendants in connection with the claims made by the Plaintiffs against them in the Underlying Action where the Policy excludes coverage if, at the time and place of an "occurrence," the involved "motor vehicle" was being used for a business purpose.

WHEREFORE, Underwriters requests that:

A. This Honorable Court declare and determine the rights and liabilities of Underwriters and the Defendants, under the terms and conditions of the Policy in that coverage is excluded pursuant to the aforementioned motor vehicle exclusion where the "occurrence" involved a "motor vehicle" while being used for a business purpose.

**COUNT IV**
**LATE NOTICE**

34. Underwriters re-allege and re-aver paragraphs one (1) through thirty-three (33) of this Complaint and by reference incorporates them herein.

35. The Policy imposes the following duty:

***SECTION II - CONDITIONS***

. . .

*C. Duties after "Occurrence".*

*In case of an "occurrence", you or another "insured" will perform the following duties that apply. We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us. You will help us by seeing that these duties are performed*

*1. Give written notice to us or our agent as soon as practical, which sets forth:*

*a. The identity of the policy and the "named insured" shown in the Declarations;*

*b. Reasonably available information on the time, place and circumstances of the "occurrence"; and*

*c. Names and addresses of any claimants and witnesses;*

. . . .

Additionally, the "Lloyds Homeowners Mandatory Forms," contains a "CLAIM NOTIFICIATION CLAUSE (U.S.A.)," which states:

*The Assured upon Knowledge of any occurrence likely to give rise to a claim hereunder shall give immediate advice thereof to the Underwriters through:*

*DeCotis Insurance Associates, Inc.*
*201 Wayland Avenue*

*Providence, Rhode Island 02906*

*who is hereby authorized to instruct an authorized loss adjustment firm to assess the loss on behalf of Underwriters.*

36. Underwriters owe no duty to defend and/or indemnify Robin Spears and Jean Spears in connection with the Underlying Action where Robin Spears and Jean Spears failed to give timely notice of the claim thereby causing prejudice to Underwriters.

WHEREFORE, Underwriters requests that:

A. This Honorable Court declare and determine the rights and liabilities of Underwriters, Robin Spears and Jean Spears under the terms and conditions of the Policy in that Underwriters owe no duty to provide coverage for claims stemming from the death of Darryl W. Fry, Jr. where Robin Spears and Jean Spears failed to "give immediate advice" of the occurrence, which was likely to give rise to a claim.

B. Furthermore, this Honorable Court declare and determine the rights and liabilities of Underwriters, Robin Spears and Jean Spears under the terms and conditions of the Policy in that Underwriters owe no duty to provide coverage for claims stemming from the death of Darryl W. Fry, Jr. where Robin Spears and Jean Spears failed to provide written notice to an agent of Underwriters "as soon as practical," which caused Underwriters to suffer prejudice.

***THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.***

CERTAIN UNDERWRITERS OF LLOYD'S, LONDON, A SOCIETY OF CORPORATE AND INDIVIDUAL MEMBERS SUBSCRIBING TO POLICY # HO 01420

By Its Attorneys:

Dated: March 31, 2008

Thomas B. Farrey TS

THOMAS B. FARREY, III #6457
Burns & Farrey
446 Main Street, 22nd floor
Worcester, MA 01608
Tel. (508) 756-6288
Fax (508) 831-9769

TJS/lo-3/cp#139